**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FREDS FISH FRY, INC.,<br>*Plaintiff*<br><br>-vs-<br><br>ADRIAN GALVAN, VICTOR GALVAN,<br>RANCHO 181 LLC, MICHAEL BAEZ,<br>DAPEMO.COM,<br>WADEANDWILL.COM,<br>NEMOPREMIUM, LLC,<br>BESTTEESTORE.NET,<br>SERLYDATEEA LLC,  UELTEE - SHOP<br>TRENDING SHIRT IN USA,<br>SQUADGIFTS.COM,<br>TRENDTEESHOPS.COM,<br>NBNPREMIUM.COM,<br>MAXXTEES.COM, JOHN DOE,<br>*Defendants* | §§§§§§§§§ | SA-23-CV-01497-XR |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Substitute Service (ECF No. 4) as well as Plaintiff's Response to Show Cause Order (ECF No. 7). After careful consideration, the Court **GRANTS** Plaintiff's Motion (ECF No. 4) and extends its deadline to serve Defendants to **April 26, 2024**.

**BACKGROUND**

On December 6, 2023, Plaintiff Fred's Fish Fry filed a Complaint alleging trademark infringement against Defendants Adrian Galvan, Victor Galvan, Michael Baez, Rancho 181 LLC, dapemo.com; wadeandwill.com; Nemopremium, llc; bestteestore.net; Serlydateea llc; Ueltee - shop trending shirt in usa; quadgifts.com; trendteeshops.com; nbnpremium.com; maxxtees.com; and john doe d/b/a spreadt-shirt.com, animet-shirt.com, meomeoj97.com, hellodayclothing.com,

1

designatshop.com, t-shirtart.com, and abayamzclothing.com. ECF No. 1.[1] Summons was issued the following day as to the Local Defendants. ECF No. 3. However, after 90 days had run from the date of filing, no indication of service had been filed with the Court. ECF No. 5. Accordingly, this Court ordered Plaintiff to show cause as to why the case should not be dismissed under Federal Rule of Civil Procedure 4(m). *Id.* In response, on March 26, 2024, Plaintiff filed a Motion for Substitute Service (ECF No. 6) as well as a Response to the Show Cause Order (ECF No. 7).

According to Plaintiff, it retained Pronto Process to effectuate service on the Local Defendants promptly after filing its Complaint. ECF No. 6 at 2–4. However, its process server, despite multiple attempts to effectuate personal service on the Local Defendants, has been unsuccessful. ECF Nos. 6, 6-1, 6-2, 6-3, 6-4, 6-5, 6-6. With respect to Defendant Adrian Galvan, a process server attempted to serve process on him seven times at 3810 Amber Chase, San Antonio, TX 78245. ECF No. 6-1, 6-2. With respect to Defendant Victor Galvan, a process server attempted to serve process on him four times at 122 Ranch Country Drive, La Vernia, TX 78121. ECF No. 6-3. With respect to Rancho 181 LLC, a process server attempted to serve process on Victor Galvan, Defendant Rancho 181 LLC's registered agent, four times at 122 Ranch Country Drive, La Vernia, TX 78121. ECF No. 6-4. With respect to Defendant Michael Baez, a process server attempted to serve process on him four times at 16201 Rough Oak Street, Apt 1111, San Antonio, TX 78232, learning on the final attempt that Defendant Baez no longer resides at the address. ECF No. 6-5. The process server then attempted to serve Defendant Baez once at 12221 Blanco Road, San Antonio, TX 78216. Ultimately, Plaintiff was unable to serve any of the Local Defendants.

---

[1] Plaintiff groups the Defendants into two categories: (1) the "Local Defendants," and (2) the "Online Defendants." The Local Defendants are Adrian Galvan, Victor Galvan, Rancho 181 LLC, and Michael Baez. The Online Defendants are dapemo.com; wadeandwill.com; Nemopremium, LLC; bestteestore.net; Serlydateea LLC; Ueltee - shop trending shirt in usa; quadgifts.com; trendteeshops.com; nbnpremium.com; maxxtees.com; and john doe d/b/a spreadt-shirt.com, animet-shirt.com, meomeoj97.com, hellodayclothing.com, designatshop.com, t-shirtart.com, and abayamzclothing.com. ECF No. 6.

2

## DISCUSSION

### I. Extension of Time to Serve Defendant

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). To show good cause, a party must demonstrate "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice[.]" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Id.* Thus, even when good cause is lacking, the Court decides whether to exercise its discretion to extend the time for service. An extension of time may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." FED. R. CIV. P. 4(m) advisory committee's note (1993).

Plaintiff has demonstrated good cause for its failure to effectuate service within 90 days of filing the Complaint. The affidavits submitted show a good faith effort by Plaintiff to serve the Local Defendants and suggest that Local Defendants may be trying to evade service. ECF Nos. 6-1, 6-2, 6-3, 6-4, 6-5. Pronto Process's numerous attempts to serve the Local Defendants demonstrate good cause for Plaintiff's failure to properly serve process within the time allotted by Rule 4(m). For these reasons, Plaintiff is given until **April 26, 2024,** to serve Defendants or to show cause as to why additional time is needed.

## II.     **Substituted Service**

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Federal Rule of Civil Procedure 4(h) permits service of process on a corporation, partnership, or association in the same manner permitted for service on an individual under Rule 4(e)(1). Rule 4(e)(1) in turn allows service by methods under Texas law.

Texas Rule of Civil Procedure 106 permits primary service by personal service or by certified or registered mail, TEX. R. CIV. P. 106(a)(1)–(2), and permits certain methods of substituted service when primary service methods prove unsuccessful, *id.* 106(b). Texas Rule of Civil Procedure 106(b) provides that substituted service may be effected: (1) by leaving a copy of the documents with anyone over sixteen years of age at the location of the defendant's usual place of business or usual place of abode as specified by affidavit, or (2) in any other manner deemed to be reasonably effective to give the defendant notice, including social media, email, or other technology. *Id.* (b)(1)–(2). Nonetheless, Texas law prefers personal service over substituted service because greater reliability inheres in personal service. *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.). Thus, only after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.3d 298. 98-99 (Tex. 1993). That affidavit must:

> [L]ist[] any location where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful[.]

TEX. R. CIV. P. 106(b). Substituted service may be authorized only if the supporting affidavit "strictly complies" with Texas Rule 106(b)'s requirements. *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

In addition, several district courts in Texas have applied provisions of Rule 4 of the Federal Rules of Civil Procedure to authorize e-mail service when the record shows: (1) diligent efforts to effect traditional service at a physical address and (2) the defendant has recently communicated using the e-mail address proposed for service. *Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *3 (S.D. Tex. Mar. 20, 2013).

Here, Plaintiff has submitted affidavits complying with Rule 106(b). The affidavits demonstrate Plaintiff's unsuccessful yet good faith efforts to effect personal service on the Local Defendants at the proper locations. In addition, with respect to Defendant Baez, Plaintiff affidavits demonstrate that the email provided would be "reasonably effective to give the defendant notice of the suit." TEXAS R. CIV. PRO. 106(b). Plaintiff attempted to serve Defendant Baez at an initial address but learned the address may be incorrect. Thereafter, Plaintiff ran a skip trace on Defendant Baez but has been unable to locate Defendant's specific apartment number to properly serve him. Defendant Baez's website provides the following email as a point of contact for customers: bexarcountysocialappearal@yahoo.com.

Importantly, the affidavits submitted by Plaintiff indicate that Defendants Adrian Galvan, Victor Galvan and Rancho 181, LLC are likely aware of Plaintiff's attempts to serve them, *see*

5

ECF No. 6-2, 6-3, 6-4, and one article also submitted demonstrates that Defendant Baez is likely aware of the suit against him, *see* ECF No. 6-1.

Accordingly, the affidavits submitted by Plaintiff suggest that:

1. Defendant Adrian Galvan could be put on notice of these proceedings by leaving a copy of the summons and complaint with a person older than sixteen at 3810 Amber Chase, San Antonio, TX 78245, or by attaching the summons and complaint to the door of the residence located at 3810 Amber Chase, San Antonio, TX 78245.

2. Defendant Victor Galvan could be put on notice of these proceedings by leaving a copy of the summons, complaint, and this Court's order for substitute service with a person older than sixteen at 122 Ranch Country Dr., La Vernia, TX, 78121, or by attaching the summons, complaint, and this Court's order for substitute service to the door of the residence located at 122 Ranch Country Dr., La Vernia, TX, 78121.

3. Defendant Rancho 181 LLC could be put on notice of these proceedings by leaving a copy of the summons, complaint, and this Court's order for substitute service with a person older than sixteen at 122 Ranch Country Dr., La Vernia, TX, 78121, or by attaching the summons, complaint, and this Court's order for substitute service to the door of its registered agent's residence located at 122 Ranch Country Dr., La Vernia, TX, 78121.

4. Defendant Michael Baez could be put on notice of these proceedings by sending a copy of the summons, complaint, and this Court's order for substitute service electronically to the following email address: Bexarcountysocialapparel@yahoo.com.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Substitute Service (ECF No. 6) is **GRANTED**. Plaintiff may serve Defendants in the manner outlined above. The deadline for Plaintiff to serve Defendants or show cause why additional time is needed is **April 26, 2024**.

It is so **ORDERED**.

**SIGNED** this 28th day of March, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE