**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FREDS FISH FRY, INC., | § | |
| *Plaintiff* | § | |
| | § | SA-23-CV-1497-XR |
| -vs- | § | |
| | § | |
| ADRIAN GALVAN, et. al, | § | |
| *Defendants* | § | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

On this date, the Court considered Plaintiff's Motion for Default Judgment against Defendants Adrian Galvan, Victor Galvan, Rancho 181, LLC, and Michael Baez ("Defendants"). ECF No. 23. After careful consideration, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

### I.    Facts

This is an action for trademark infringement and unfair competition under the Lanham Act and Texas law. Plaintiff alleges that it operates several restaurants in the San Antonio, Texas area using the trademark FRED'S FISH FRY, and distinctive logos, packaging, and designs in connection with providing its restaurant services. ECF No. 1 ¶¶ 20–21. Plaintiff has received federal trademark registrations for four marks.[1] *Id.* ¶¶ 24–25.

These are shown below, in addition to "FRED'S FISH FRY" itself (the "Marks").

---

[1] U.S. Trademark Reg. No. 4,907,666 (issued March 1, 2016); U.S. Trademark Reg. No. 2,941,474 (issued April 19, 2005), U.S. Trademark Reg. No. 6,855,883 (issued September 27, 2022), U.S. Trademark Reg. No. 1,200,759 (issued July 6, 1982). *Id.* at ¶ 25.

  

Plaintiff alleges that local residents Adrian Galvan "and/or" Victor Galvan designed an unauthorized City Edition jersey for the San Antonio Spurs which contains its Marks. *Id.* ¶ 32–34.



According to Plaintiff, "Defendant Galvan" entered into an agreement[2] with retailers Wade and Williamson for Wade and Williamson to sell a version of the unauthorized jersey, which they describe as "Fish Fry Jersey." *Id.* ¶¶ 35, 37. Plaintiff alleges that other retailers—Dapemo.com and bexarcountysocialapparel.com—also sell unauthorized merchandise that infringe on their Marks. *Id.* ¶¶ 38–39. These are shown below.

---

[2] Plaintiff's use of the singular "Galvan" is ambiguous; it does not indicate whether Adrian Galvan, Victor Galvan, or both, entered into the agreement. Given that Plaintiff asserted Adrian Galvan "and/or" Victor Galvan designed the jersey, the Court treats this allegation to apply to both Adrian and Victor. *See infra* note 5.






## II.  <u>Procedural History</u>

In December 2023, Plaintiff sued various defendants—local residents and online retailers—seeking damages for trademark infringement and unfair competition claims under the

Lanham Act, 15 U.S.C. § 1051 et seq. and Texas common-law trademark infringement and dilution under Tex. Bus. & Comm. Code § 16.103. ECF No. 1 ¶¶ 40–95.

Plaintiff moved for substitute service on Adrian Galvan, Victor Galvan, Rancho 181, and Michael Baez on March 28, 2024, which the Court granted. ECF No. 9. Plaintiff filed affidavits of service indicating they were served on April 12, 2024, pursuant to the Court's order. ECF No. 10.

Plaintiff later voluntarily dismissed many of the online retailer defendants.[3] ECF No. 9. Only Adrian Galvan, Victor Galvan, Rancho 181, and Michael Baez remain. After they did not answer or otherwise appear, Plaintiff moved for entry of default and default judgment. ECF Nos. 11–14, 23.

## DISCUSSION

### I.    Legal Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). A party is not entitled as a matter of right to default judgment, even where the defendant technically is in default. *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

---

[3] Plaintiff did not include Nemopremium, LLC and John Does d/b/a (spreadt-shirt.com, animet-shirt.com, meomeoj97.com, hellodayclothing.com, designatshop.com, t-shirtart.com, abayamzclothing.com) in its voluntary dismissal. ECF No. 9. Any claims against these entities or other individuals are **DISMISSED WITHOUT PREJUDICE** for failure to serve and prosecute. FED. R. CIV. P. 4(m).

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012); *see also D'Costa v. Abacus FoodMart Inc.*, 4:21-CV-4031, 2023 WL 1094019, at *2 (S.D. Tex. Jan. 26, 2023), *report and recommendation adopted*, 2023 WL 2088424 ("appropriateness of default judgment depends on '(1) whether a default judgment is procedurally warranted; (2) whether Plaintiffs' complaint sets forth facts sufficient to establish that they are entitled to relief; and (3) what form of relief, if any, Plaintiffs should receive.'" (citation omitted)).

## II.   <u>Analysis</u>

### A.   Jurisdiction

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

**Subject Matter Jurisdiction.** Because Plaintiff asserts a claim under the Lanham Act, 15 U.S.C. § 1051 et seq., it invokes the Court's federal question jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court will exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**Service.** Absent proper service of process, a court lacks personal jurisdiction over a defendant, and any default judgment against the defendant would be void. *Rogers v. Hartford Life & Accident Ins.,* 167 F.3d 933, 940 (5th Cir. 1999). Here, service was proper. Plaintiff was unable to serve Adrian Galvan, Victor Galvan, Rancho 181, and Michael Baez in person and moved for substitute service under Tex. R. Civ. P. 106(b). ECF No. 6. After the Court granted the motion,

ECF No. 9, Plaintiff served them on April 12, 2024 in compliance with the Court's order. ECF No. 10.

**Personal Jurisdiction.** The Court has general personal jurisdiction over Adrian Galvan, Victor Galvan, Rancho 181, and Michael Baez as Plaintiff pled they are residents of Texas. ECF No. 1 ¶¶ 2–5. *See Religious Tech. Center v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003) ("The residency of a defendant in the forum state routinely creates such systematic and continuous contact.").

### B. Liability

#### 1. Default is Procedurally Proper

Six factors inform whether default is procedurally warranted: "[(1)] whether material issues of fact are at issue, [(2)] whether there has been substantial prejudice, [(3)] whether the grounds for default are clearly established, [(4)] whether the default was caused by a good-faith mistake or excusable neglect, [(5)] the harshness of a default judgment, and [(6)] whether the court would think itself obliged to set aside the default upon the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (numeration added).

A default judgment against Adrian Galvan, Michael Baez, Victor Galvan and Ranch 181 LLC is procedurally proper. First, there are no disputed material issues of fact. None of these defendants have filed an answer or other responsive pleading. Plaintiff's allegations are therefore deemed admitted because there is no operative "responsive pleading." *See* FED. R. CIV. P. 8(b)(6) ("An allegation ... is admitted if a responsive pleading is required and the allegation is not denied.") Second, none of these defendants can claim default judgment would substantially prejudice them because they were properly served and advised of the need to file an answer or responsive pleading. Third, their failure to follow through by making an appearance, alongside the Clerk's entry of

default, "clearly established" default. These circumstances foreclose any basis for claiming that

their default resulted from a good-faith mistake or excusable neglect, which would result in any

entry of default judgment, to be unduly harsh, the fourth and fifth factors. Indeed, Plaintiff notes

that Adrian Galvan and Victor Galvan called to discuss the lawsuit, ECF No. 23 at 1, but still failed

to appear. Nor is the Court aware of any facts that give rise to "good cause" to set aside default if

challenged by these defendants.

### 2.   *The Complaint Provides a Sufficient Basis for Default Against Some Defendants*

The Court now looks to the substantive merits of Plaintiff's claims.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact [and]

is concluded on those facts by the judgment…." *Jackson v. FIE Corp.*, 302 F.3d at 524 (quoting

*Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although the

Court must accept the plaintiff's well-pleaded facts as true, the Court then asks whether there is a

"sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206;

*see also* 10A Wright, Miller et al., FED. PRAC. & PROC. CIV. § 2688 (3d ed. 2002) ("Even after

default, however, it remains for the court to consider whether the unchallenged facts constitute a

legitimate cause of action, since a party in default does not admit mere conclusions of law.").

In other words, "whether the factual allegations in the complaint—apart from those about

damages—if taken as true, would state a claim upon which relief can be granted." *D'Costa*, 2023

WL 1094019, at *3. This threshold is lower than the standard for surviving a motion to dismiss

under Rule 12(b)(6). *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F. 3d 490, 499-500 (5th

Cir. 2015) (holding that the allegations need only provide fair notice of the claim under Rule 8,

particularly when the defaulting defendant chose to forgo moving for dismissal or for a more

definite statement under Rule 12(b)(6) or 12(e)); FED. R. CIV. P. 8(a)(2) (requiring a pleading to

contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff asserts causes of action against Defendants for trademark infringement under 15

U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a), Texas common-law trademark

infringement, and dilution under Tex. Bus. Com. Code § 16.103.

i.    Lanham Act Claims

**Legal Standard.** The Lanham Act prohibits the unauthorized "use in commerce [of] any

reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the

sale, offering for sale, distribution, or advertising of any goods or services on or in connection with

which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C.

§ 1114(1)(a). "To succeed on a claim of trademark infringement under the Lanham Act, a plaintiff

must show: (1) that it owns a 'legally protectable trademark'; and (2) that a defendant's use of

their mark 'creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Fletcher's

Original State Fair Corny Dogs, LLC v. Fletcher-Warner Holdings LLC*, 434 F. Supp. 3d 473,

483 (E.D. Tex. 2020). To show a "likelihood of confusion," a plaintiff must show that a

defendant's use of its mark "create[d] a likelihood of confusion in the minds of potential consumers

as to the source, affiliation, or sponsorship" of a defendant's products or services. *Springboards to

Educ., Inc. v. Hou. Indep. Sch. Dist.*, 912 F.3d 805, 811–12 (5th Cir. 2019) (quoting *Elvis Presley

Enters., Inc. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998)).

Courts consider a non-exhaustive list of eight factors to determine whether a party has

established likelihood of confusion.[4] But when the infringing marks are identical to the plaintiff's

---

[4] The factors include: "(1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products [or services]; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers." *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) (citation omitted). "The absence or presence of any one

trademark, an analysis of all factors is unnecessary. *See Petro Franchise Sys., LLC v. All Am. Properties, Inc.*, 607 F. Supp. 2d 781, 788 (W.D. Tex. 2009).

"The elements for a finding of unfair competition under 15 U.S.C. § 1225(a) . . . are identical to the elements for establishing trademark infringement," *Farouk Systems, Inc. v. Parmar*, No. H-07-3384, 2008 WL 3852350, at \*4 (S.D. Tex. Aug. 14, 2008) (citing *Marathon Mfd. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985)). So the Court analyzes them in tandem.

**Analysis.** Plaintiff has adequately stated a claim for trademark infringement against Adrian Galvan, Victor Galvan, and Michael Baez, but not Rancho 181.

*First*, Plaintiff has satisfied the "use in commerce" requirement. Taking Plaintiff's allegations as true, Adrian Galvan and Victor Galvan "placed" the Marks on a "good"—the unauthorized jersey—which was posted by Adrian on Facebook and "sold" by agreement with an online retailer.[5] 15 U.S.C. § 1127; *cf. LoanStret, Inc., v. Troia*, No. 21-CV-6166-NRB, 2022 WL 3544170, at \*10 (S.D.N.Y. Aug. 17, 2022) ("use in commerce" has a "broad and sweeping reach," including where the defendant "used the internet"). Michael Baez offered similar unauthorize merchandise for sale online, clearly using the Marks "in commerce."

*Second*, Plaintiff has alleged it has continuously used variations of its FRED'S FISH FRY Marks in San Antonio for over fifty years. ECF No. 1 ¶ 23. The Marks are also registered.

---

factor ordinarily is not dispositive; indeed, a finding of likelihood of confusion need not be supported even by a majority of the . . . factors." *Id.* (citation omitted).

[5] Plaintiff pled that "Adrian Galvan and/or Victor Galvan" designed the unauthorized jersey that incorporated Plaintiff's Marks. ECF No. 1 ¶ 33. The Court notes that the use of "and/or" is ambiguous. But Rule 8 pleading requirements apply here. Given that the "key inquiry in evaluating the viability of a complaint under Rule 8(a)(2) is whether each defendant knows why he or she was named in the complaint," the Court finds that "and/or" is enough to meet this threshold. *Ferguson v. Bd. of Cnty. Commissioners of Sierra Cnty.*, No. 11-CV-1001-WPL-CG, 2013 WL 12334214, at \*5 (D.N.M. April 2, 2013) (discussing ambiguity of "and/or" but holding use of "and/or" satisfied Rule 8(a)(2)'s requirements since the "allegations that [] involve[d] 'and/or' [were] tailored to the individual claims"). So, the Court proceeds on the allegation that Adrian Galvan and Victor Galvan designed the unauthorized jersey.

"[R]egistration of a mark with the PTO constitutes prima facie evidence of the mark's validity and the registrant's exclusive right to use the registered mark in commerce with respect to the specified goods of service." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 237 (5th Cir. 2010). Because Defendants have not rebutted this presumption, they concede it. *See also* 15 U.S.C. § 1605 (incontestable status where the registered mark has been in continuous use for five straight years and is still in use in commerce).

*Third*, as shown in the Complaint, the marks used by Adrian Galvan, Victor Galvan, and Michael Baez are identical to Plaintiff's, and so establish a likelihood of confusion. A potential consumer would attribute their unlicensed apparel to Fred's Fish Fry. The jersey designed by Adrian Galvan and Victor Galvan incorporated Plaintiff's Marks—FRED'S FISH FRY, fish logo, and checkerboard design. ECF No. 1 ¶ 34. It also featured Plaintiff's trademarked red and blue fish pattern. *Id.* ¶ 35. Defendant Michael Baez likewise incorporated Plaintiff's Marks in merchandise sold on bexarcountysocialapparel.com. *Id.* ¶ 39.

On the other hand, Plaintiff does not allege any facts that point to Rancho 181's use of Plaintiff's Marks. Rancho 181 is never mentioned in the Complaint. Instead, Plaintiff appears to sue Rancho 181 because Victor Galvan is the representative and registered agent of the business. ECF No. 23 at 1. While Plaintiff adequately pled that Victor Galvan designed the jersey, Rancho 181 has no connection to this case. Indeed, Plaintiff makes no attempt to explain Rancho 181's liability in its Motion for Default Judgment, and instead groups "Defendants" together.[6]

Taking the factual allegations in the Complaint and exhibits as true, the Court finds that Adrian Galvan, Victor Galvan, and Michael Baez are liable for federal trademark infringement and unfair competition under the Lanham Act.

---

[6] Accordingly, the Court *sua sponte* **DISMISSES WITHOUT PREJUDICE** all of Plaintiff's claims against Rancho 181, LLC for failure to state a claim. *See Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636, 642–43 (5th Cir. 2007).

ii.    Texas Common Law Infringement

Plaintiff's "Texas common law claims for trademark infringement . . . are evaluated under the same elements as trademark infringement under the Lanham Act," *Hassel Free Plumbing, LLC v. Wheeler*, No. 3:20-CV-1712-K, 2021 WL 1139424, at *5 (N.D. Tex. Mar. 25, 2021). Because Plaintiff succeeds on its Lanham Act claim, Adrian Galvan, Victor Galvan, and Michael Baez are liable for Texas common law infringement as well.

iii.    Tex. Bus & Com. Code § 16.103

The Texas Anti-Dilution statute states,

> [T]he owner of a mark that is famous and distinctive, inherently or through acquired distinctiveness, in this state is entitled to enjoin another person's commercial use of a mark or trade name that begins after the mark has become famous if use of the mark or trade name is likely to cause the dilution of the famous mark.

Tex. Bus. & Comm. § 16.103(a). A mark is famous if it is "widely recognized by the public throughout [Texas] or in a geographic area in [Texas] as a designation of [the] source of the goods or services of the mark's owner." *Id. § 16.103(b)*. A "likelihood of dilution" can be established under a theory of "1) 'blurring,' a diminution in the uniqueness or individuality of the mark, or 2) 'tarnishment,' an injury resulting from another's use of the mark in a manner that tarnishes or appropriates the goodwill and reputation associated with the plaintiff's mark." *E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 279 (5th Cir. 2002) (quoting *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1081 (5th Cir. 1997)) (looking to the "general law of dilution" in construing the Texas Statute).

Taking Plaintiff's allegations as true, Plaintiff has established its FRED'S FISH FRY Marks are famous in San Antonio, Texas and widely recognized by the public through San Antonio as a designation of Plaintiff's restaurant services, which have operated for over fifty years. ECF No. 1 ¶¶ 23, 89–91. Adrian Galvan, Victor Galvan, and Michael Baez used its Marks long after

they became famous. And Plaintiff has adequately alleged there is a likelihood of dilution under a blurring theory, given their use of the Marks.[7] *See Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513, 1567 (S.D. Tex. 1996), *aff'd as modified*, 155 F.3d 526 (5th Cir. 1998) (for dilution by blurring, "[i]f the plaintiff holds a distinctive trade mark, it is enough that the defendant has made significant use of a very similar mark." (quoting *Freedom Sav. & Loan Ass'n v. Way*, 757 F.2d 1176, 1186 (11th Cir. 1985))).

Plaintiff is thus entitled to judgment on their claim under § 16.103 against Adrian Galvan, Victor Galvan, and Michael Baez.

### C. Damages and Fees

Plaintiff seeks an order permanently enjoining Adrian Galvan, Victor Galvan, Rancho 181, LLC, and Michael Baez from infringing on their mark and reasonable attorney's fees in the amount of $8,230.00.

**Permanent Injunction.** The Lanham Act and Texas Business and Commercial Code provide for the entry of a permanent injunction upon a finding of infringement or dilution. *See* 15 U.S.C. § 1116; Tex. Bus. & Com. Code § 16.103(c). As Plaintiff prevails on both claims, a permanent injunction is appropriate as to Adrian Galvan, Victor Galvan, and Michael Baez.

**Fees.** "Courts permit prevailing plaintiffs to recover attorneys' fees under § 1117(a) [of the Lanham Act] if the defendant maliciously, fraudulently, deliberately, or willfully infringes the plaintiff, mark." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002). A defendant's infringing acts are willful "if he knows his actions constitute an infringement; the

---

[7] Plaintiff does not explain which theory it moves under. "Dilution by tarnishment occurs when a mark is 'linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context likely to evoke unflattering thoughts about the owner's product.'" *Mott's LLP v. Comercializadora Eloro, S.A.*, 507 F. Supp. 3d 780, 790 (W.D. Tex. Dec. 14, 2020) (quoting *Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39, 43 (2d Cir. 1994). Plaintiff does not explain how Defendants' use of Plaintiff's Marks have tarnished them, and so the Court assumes it proceeds on a "blurring" theory.

actions need not have been malicious. Infringement can also be willful where a defendant acted with 'reckless disregard' for or 'willful blindness' to the rights of a [plaintiff]." *Flowserve Corp. v. Hallmark Pump Co., Inc.,* 2011 WL 1527951, at *6 (S.D. Tex. Apr. 20, 2011) (internal quotation marks and citations omitted).

Plaintiff pled that Defendants' violation of the Lanham Act was willful. Given the illustrations in the Complaint and that Fred's Fish Fry is widely recognized in San Antonio, Texas, the Court agrees.

Accordingly, the Court finds that Plaintiff should be awarded reasonable attorneys' fees under 15 U.S.C. § 1117(a). The Court finds that $8,230 in attorney's fees is reasonable. ECF No. 23-1 at 3 ($280/hour in 2023 and $300/hour in 2024).

The Court notes that Plaintiff pled for other damages in its Complaint, including profits attributable to Defendants' infringement, actual damages, enhanced damages, and costs. Given that no other damages were sought in the Motion for Default Judgment, the Court does not award any other damages.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Default Judgment (ECF No. No. 23) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Adrian Galvan, Victor Galvan, Michael Baez, and anyone acting in concert with Defendants, are hereby **PERMANENTLY ENJOINED** from using the FRED'S FISH FRY trademarks or any confusingly similar variation thereto in connection with the manufacture, sale, or leasing of any goods or services.

**IT IS FURTHER ORDERED** that Defendants Adrian Galvan, Victor Galvan, and Michael Baez, jointly and severally, shall pay Plaintiff $8,230.00 for the attorney's fees incurred.

13

**IT IS FURTHER ORDERED** that post-judgment interest at the statutory rate shall accrue until the amount is paid.

**IT IS FURTHER ORDERED** that Plaintiff is provided fourteen days to replead its claims against Rancho 181, LLC. Should it decide not to, a final judgment pursuant to Rule 58 will follow.

This Court retains jurisdiction over this matter as it relates to compliance with this Order.

It is so **ORDERED**.

**SIGNED** this 11th day of March, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE